[Civ. No. 2882. Second Appellate District, Division Two.—June 7,
1919.]

## A. L. McCRAY, Respondent, v. WALTER L. WOTKYNS et al., Appellants.

[1] MECHANICS' LIENS—GRADING OF LOT—WANT OF CONTRACT.—A per-
son is not entitled to a lien, under section 1191 of the Code of
Civil Procedure, for work done in grading and leveling a lot where
his proposal to do the work was not unconditionally accepted, or
squarely assented to, by the owner thereof.

[2] ID.—KNOWLEDGE OF WORK—DISCLAIMER OF LIABILITY.—Where
such lot is the separate property of the wife and she has no
knowledge, either actual or constructive, during the progress of
the work, that her lot is being graded, the person doing such
work is not entitled to a lien, under section 1192 of the
Code of Civil Procedure, by reason of her failure to post a notice
disclaiming liability.

[3] ID.—NOTICE—HUSBAND NOT AGENT FOR WIFE.—In such case, notice
to the husband is not notice to wife—the owner of the lot—
where such husband is not the wife's agent to receive such, or
any, notice.

[4] ID.—UNACCEPTED OFFER—PERSONAL LIABILITY.—Where neither the
wife, who owned the lot, nor her husband, accepted the offer to
grade and level the lot, neither may be held personally liable
therefor.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Grant Jackson, Judge. Reversed.

41 Cal. App.—29

The facts are stated in the opinion of the court.

Elliot Gibbs for Appellants.

J. Ira Courtney and A. E. Hamilton for Respondent.

FINLAYSON, P. J.—Plaintiff seeks to enforce a mechanic's lien on a lot in Los Angeles belonging to defendant Kate B. Wotkyns, for work done in grading and leveling the lot. The defendant Kate is the wife of her codefendant Walter, and the land is her separate property. From a judgment decreeing that plaintiff has a lien on the lot, directing its sale by the sheriff and adjudging that plaintiff have a deficiency judgment against both defendants if the lot shall not sell for enough to satisfy plaintiff's claim, defendants appeal.

The appeal was taken under the alternative method. Notwithstanding that, where the appeal is so taken, the statute requires the parties to print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court (Code Civ. Proc., sec. 953c), and the typewritten transcript of the evidence in the case covers some eighty pages, there is not printed in any of the briefs, or in any supplement thereto, more than the merest modicum of the evidence. [1] However, from a consideration of such of the evidence as is printed, we think the judgment must be reversed, for the reason that it appears therefrom that neither defendant ever made any contract with plaintiff to grade the lot, and that Kate B. Wotkyns, the owner of the lot, had no knowledge, actual or constructive, that plaintiff had done any work thereon, until some time after the lot had been graded.

From the meager evidence printed in appellants' brief, which is not controverted by any printed in respondent's brief, it appears that before he did any work, plaintiff proposed to defendants that he would grade and level the lot for one thousand dollars. This proposal was not accepted. Instead, as plaintiff himself testified, defendants told him, in effect, that they would allow him to do the work provided they could borrow the necessary money, and asked him to telephone them the next day, telling him that

they would then let him know if they could get the money. The next day plaintiff did telephone defendants, but was informed that they were still negotiating for the loan. There is no evidence that the loan was ever effected. From this it is obvious that plaintiff's proposal was not unconditionally accepted, or squarely assented to, and that, therefore, there never was a binding contract between plaintiff and defendants, or either of them.

Section 1191 of the Code of Civil Procedure provides that "any person who, at the *request* of the owner of any lot . . . grades, . . . or otherwise improves the same, . . . has a lien upon said lot." As there was no unqualified acceptance of plaintiff's proposal, it cannot be said that he graded or improved the lot at the "request" of the owner or of either of the defendants.

[2] Nor is there any evidence that, at any time during the progress of the work, the owner of the lot, Kate B. Wotkyns, had any knowledge, actual or constructive, that her lot was being graded, so as to entitle plaintiff to a lien under section 1192 by reason of the owner's failure to post a notice disclaiming liability. Upon this aspect of the case, substantially the only evidence presented for our consideration in the briefs of either party is that which respondent himself has printed in his brief.     [3] From this it appears that neither defendant visited the lot while the work was being done; but that shortly before plaintiff completed the work, and while there still remained some slight amount to be done in order to finish the grading and leveling, he telephoned to the husband, Walter B. Wotkyns, and asked him if there was any little thing he wanted done to finish the job the way he wanted it. While this may have given notice to the husband that work was then being done upon his wife's lot, it was not notice to the wife—the owner of the lot. There is no evidence that the husband was the wife's agent to receive such, or any, notice; and she, it seems, testified that she did not know that any work had been done upon the lot until after the grading was completed.

Since neither defendant "requested" plaintiff to do the work, and the owner of the lot had no knowledge of the work until after its completion, plaintiff was not entitled to a lien. [4] Nor is either defendant personally liable.

First, because, there being no unqualified acceptance of plaintiff's offer to grade the lot for one thousand dollars, neither defendant contracted for the work; secondly, because there is no showing that either defendant has become personally liable by reason of estoppel or ratification, or otherwise.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.